IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| DELANY LUH, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | }     CASE NO.:<br>}     JURY TRIAL DEMANDED |
| DELTA AIR LINES, INC., | }<br>} |
| Defendant. | } |

## COMPLAINT

**COMES NOW** the plaintiff, Delany Luh ("Plaintiff" or "Ms. Luh"), by and through her undersigned counsel, Law Office of James W. Friauf, PLLC, and for her Complaint against the defendant, Delta Air Lines, Inc. ("Defendant" or "Delta"), avers as follows:

### I. NATURE OF THE CASE

1. This is a sexual assault case.

2. Plaintiff entrusted Delta to safely fly her home after a visit with college friends in Chicago.

3. With no concern for its passengers, Delta blatantly overserved alcohol to an already obviously intoxicated passenger.

4. When the passenger began acting belligerently, Plaintiff looked to Delta's flight attendant for help. She was ignored. Instead, Delta continued to serve the intoxicated passenger hard liquor.

5. The foregoing grossly negligent actions by Delta directly and proximately resulted in Plaintiff being sexually violated by the intoxicated Delta passenger.

1

6. Plaintiff's appalling ordeal has become all too common in the airline industry. Delta knew or should have known its actions could lead to harm to a passenger, including a sexual assault. Nevertheless, it failed to protect Plaintiff.

## II. PARTIES

7. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1-6 herein, inclusive.

8. Plaintiff Delany Luh is a resident citizen of the State of California.

9. Defendant Delta is a Delaware, for-profit corporation with its principal place of business in Atlanta, Georgia. At all times material to the averments set forth herein, Delta was engaged in the transportation industry and regularly transacted (and continues to regularly transact) business in the State of Tennessee, County of Blount. Service of process may be perfected via Delta's registered agent, Corporation Service Company, at 2908 Poston Avenue, Nashville, Tennessee 37203.

## III. JURISDICTION AND VENUE

10. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1-9 herein, inclusive.

11. This action arises from Delta's negligence in overserving alcohol to an already-intoxicated airline passenger in violation of Federal Aviation Administration ("FAA") regulations, 14 C.F.R. § 121.575(b)(1) (2018). Accordingly, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

12. Additionally, the Court has jurisdiction over this matter based on diversity of citizenship: (1) Plaintiff and Defendant are citizens of different states; and, (2) the amount in controversy exceeds Seventy-five Thousand Dollars and 00/100 ($75,000.00). 28 U.S.C. § 1332.

13. The Court has *in personam* jurisdiction in this matter. Delta maintains "minimum contacts" with the State of Tennessee sufficient to confer "general jurisdiction" to this Court. Specifically, Delta operates

daily flights to and from McGhee-Tyson Airport in Blount County, Tennessee. Such activity constitutes "continuous and systematic" contacts with the State of Tennessee.

14. Venue is proper in this action pursuant to 28 U.S.C. § 1392(b)(1), in that Delta "resides": (1) in the State of Tennessee; (2) within the Court's jurisdictional boundaries. *Id.* at §§ (c)(2) and (d).

### IV. FACTUAL ALLEGATIONS

15. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1-14 herein, inclusive.

16. On or about June 16, 2018, Plaintiff boarded Flight DL 2889, departing from Chicago, Illinois destined for Los Angeles, California with a stop in Minneapolis, Minnesota. Plaintiff was assigned Seat 20B.

17. Plaintiff was traveling alone.

18. Plaintiff was assigned a middle seat between two men unknown to her.

19. Immediately upon taking her seat, Plaintiff detected a strong odor of alcohol emanating from the male sitting to her right (hereinafter "Assailant").[1]

20. Shortly after Plaintiff took her seat, Assailant attempted to engage her in "small talk". The topics included Assailant's work and marital problems.

21. During the conversation, Plaintiff observed Assailant's eyes were watery and bloodshot. The smell of alcohol was noticeably strong on his breath.

22. As Assailant spoke, he leaned in close to Plaintiff, making her feel uncomfortable.

23. Despite Assailant's obviously-inebriated state, Delta employees continuously served Assailant alcohol during the flight. Upon information and belief, Delta served Assailant as many as six to eight alcoholic beverages in the course of less than two (2) hours.

---

[1] Upon information and belief, Assailant's given name is "Will". Plaintiff noticed Assailant's name on his credit card when Assailant provided it to a Delta employee to pay for his liquor.

24. While a flight attendant was serving Assailant one such alcoholic beverage, Plaintiff attracted the flight attendant's attention and gave her a concerned look. Plaintiff did so in an attempt to make the flight attendant aware of her discomfort without making obvious to Assailant that Plaintiff was raising concern about his intoxication level. Plaintiff worried Assailant would become agitated with her if he realized she had complained about him. The flight attendant ignored Plaintiff.

25. As Assailant became progressively more intoxicated, the topics of the conversation he was inflicting on Plaintiff became increasingly bizarre and harassing.

26. At one point, Assailant pretended to make a telephone call during which he told the phantom participant named "Molly" that he was going to California and was hoping to meet some "cool girls who [were] unlike this one next to [him], who [was] not being nice to [him]." Assailant continued to talk to "Molly" about Plaintiff, including referring to Plaintiff as a "bitch" and a "California Bitch" and postulating that Plaintiff was "in a gang" because of a tattoo on her hand.

27. Upon information and belief, one (1) or more of Defendant's flight attendants overheard the comments Assailant was making about Plaintiff, but nevertheless continued to serve Assailant alcohol.

28. After receiving no assistance from Defendant's flight crew, Plaintiff told Assailant to "back off" and that he was "in [Plaintiff's] bubble".

29. Assailant failed to heed Plaintiff's warnings. In response, Plaintiff leaned as far as possible to the left and onto the window-seat passenger who was asleep and wearing headphones. Plaintiff had observed the window-seat passenger take what appeared to be sleep-inducing medication shortly after boarding the flight. Upon information and belief, despite Plaintiff making physical contact with the window-seat passenger in an attempt to escape Assailant's physical intrusion of Plaintiff's personal space, the window-seat passenger did not wake.

30. In an attempt to disengage Assailant, Plaintiff eventually fell asleep.

31. After having slept for a few minutes, Plaintiff was startled awake by an abrupt discomfort in her vaginal area.

32. Plaintiff quickly realized the origin of the discomfort was from Assailant manipulating his hand inside her pants and underwear and digitally penetrating her vagina.

33. Plaintiff responded by grabbing Assailant's arm, removing his hand from her pants, and stating "[w]hat the fuck are you doing?!?" "You need to get up!!" Several nearby passengers turned their attention to the situation as Plaintiff raised her voice to Assailant.

34. Assailant refused to move from his seat and instructed Plaintiff to "[j]ump over [him]".

35. Because Assailant refused to budge, Plaintiff was forced to climb over him to reach the aisle. As she did so, Assailant pointed to his genital area, where Plaintiff observed Assailant's erect penis bulging from his pants.

36. At the time Plaintiff climbed over Assailant, his tray table was down and holding a vodka and cranberry cocktail, as well as several bottles of vodka served to Assailant by Delta employees. During the ordeal, the cocktail was knocked from the tray and spilled onto the floor, which drew the attention of additional passengers.

37. After escaping from Assailant, Plaintiff ran down the aisle of the aircraft to a Delta employee and tearfully recounted what had occurred.

38. After being notified of the sexual assault, Defendant's employee placed Plaintiff in a different seat and immediately proceeded to the cabin of the aircraft. Plaintiff was led to believe that the pilot and federal marshals were being notified and deployed to handle this emergent situation.

39. Delta, nevertheless, failed to divert the flight and make a prompt landing at the nearest airport so Assailant could be apprehended by law enforcement. Rather, Delta allowed the flight to continue to its final destination (Los Angeles) unimpeded.

40. Upon arrival at Los Angeles International Airport, Plaintiff further feared for her safety upon realizing Defendant's employees had made no contact whatsoever with federal or local law enforcement or airport security.

41. Plaintiff was forced to notify appropriate law enforcement and airport authorities on her own after Defendant's employees allowed Assailant to exit the aircraft without incident or consequence for his abhorrent actions.

42. Defendant's attempted remedy for Plaintiff's appalling experience was to issue her a $200.00 voucher for future travel with Delta.

43. Plaintiff was unable to sleep for approximately-seventy-two (72) hours after the sexual assault.

44. Plaintiff has been forced to seek therapy and take medication for severe anxiety directly and proximately caused by the sexual assault and Delta's mishandling of the same.

## V. CAUSES OF ACTION

<u>Negligence:</u>

45. Plaintiff re-alleges and incorporates by reference each averment set forth in paragraphs 1-44 herein, inclusive.

46. Pursuant to 14 C.F.R. § 121.575, airlines have a duty not to "serve any alcoholic beverage to any person aboard any of its aircraft who . . . [a]ppears to be intoxicated . . .." *Id.* at §§ (b)(1).

47. Pursuant to Sixth Circuit precedent, Delta owed Plaintiff the foregoing duty not to serve Assailant alcoholic beverages when it knew or through the exercise of reasonable diligence, should have known Assailant was intoxicated. *Chumney v. Nixon*, 615 F.2d 389 (6th Cir. 1980). Defendant blatantly disregarded that duty.

6

48. Defendant breached its duty to Plaintiff by serving alcoholic beverages to an already visibly intoxicated Assailant without regard to the safety and well-being of the other passengers on the aircraft, including Plaintiff.

49. As a direct and proximate result of Defendant's breach of its duty owed to Plaintiff, Plaintiff has suffered injuries and damages and is entitled to the relief set forth more fully herein.

## VI. DAMAGES

50. Plaintiff re-alleges and incorporates by reference each averment set forth in paragraphs 1-49 herein, inclusive.

51. As a direct and proximate result of each of the foregoing acts, conduct, and violations of the law as alleged herein, Plaintiff has suffered damages in an amount and according to proof, including, without limitation, physical and mental pain and suffering, embarrassment, humiliation, inconvenience, and other incidental and consequential damages.

52. Plaintiff seeks an award of punitive damages against Defendant as its actions were in reckless disregard for the duties it owed Plaintiff.

53. Plaintiff seeks an award of pre- and post-judgment interest as permitted by law.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. Compensatory damages in an amount to be awarded by a jury, not less than ONE MILLION DOLLARS AND 00/100 ($1,000,000.00).

2. Punitive damages in an amount to be awarded by a jury, not less than FIVE MILLION DOLLARS AND 00/100 ($5,000,000.00).

3. Incidental and/or consequential damages in an amount to be determined by a jury.

4. Any and all further relief this Honorable Court deems just and appropriate.

Respectfully submitted this 24th day of September, 2018.

**DELANY LUH**

By: /s/ James W. Friauf
James W. Friauf (#027238)
LAW OFFICE OF JAMES W. FRIAUF, PLLC
9724 Kingston Pike, Suite 104
Knoxville, Tennessee 37922
Tele: (865) 236-0347
Fax: (865) 512-9174
Email: james@friauflaw.com
Our File No. 18-185-INJ

*Attorney for Plaintiff, Delany Luh*